Next case is United States of America v. Edward Jackson Ms. Horton Good morning, Your Honors, and may it please the Court, Rachel Horton, on behalf of Appellant Edward Jackson, I'd like to reserve three minutes for rebuttal. Granted. Thank you. This Court has jurisdiction because Mr. Jackson filed timely objections to the report and litigation, which under this Court's precedent in Fiorelli can be construed as a timely Rule of 59e motion to alter the judgment. Under Rule 4, that motion tolls the time within which Mr. Jackson needed to file a Notice of Appeal, and once the District Court disposed of his motion, his Notice of Appeal, which he filed in July, became effective. Like in Fiorelli, Mr. Jackson was re-litigating the merits of the underlying case. He claimed that an evidentiary hearing should have been held. He objected to the report and recommendation because the mechanical questions at the plea colloquy were insufficient to satisfy Rule 11. His motion was the functional equivalent of a Rule 59e motion. The government's argument and response is not to claim that Fiorelli doesn't control this case. Instead, the government argues that it would defy logic for movants to file Rule 59e motions before the entry of judgment. However, the plain language of Rule 59e and the Advisory Committee note plainly explains that sometimes parties do file these motions before the entry of judgment. But what about after judgment? The plain language of the rule says that the motion may be filed within 28 days of the entry of judgment. Okay, and what was the entry of judgment in this case? What date? Your Honor, we believe that under Rule 58, the entry of judgment was 158 days after the District Court's May 3rd order. So you say the entry of judgment was on October 20, not on May 3rd? No, no. Under Rule 58, by operation of the rule, when the clerk of court doesn't enter a separate judgment after 150 days elapses, that's when judgment is entered. But you're saying the May 3rd order was not a separate judgment? Yes, Your Honor. And under First Year and Rule 4a.2 and in Fiorelli, the entry of judgment is governed by Rule 58. But our case law in rescindance says that you don't need a separate document if you have an omission or a substantial omission of legal reasoning in the order. And so don't you have to prove that in order to qualify for the separate document rules 150-day extension, that there was an omission or substantial omission of legal reasoning in the May 3rd order? Your Honor, could I... Not a substantial omission. You'd have to prove the negative on that. Could you give me the cite for the rescinding? I don't know a citation in rescindance off the top of my head. I apologize. Understood. Understood. I don't believe that the government cited that opinion in its briefing. However, even if we construe the May 3rd order by the district court as the entry of judgment, even setting aside Rule 58, Mr. Jackson's timely filed Rule 59 e-motion tolls the time for his filing of... So what document do you claim is the timely filed Rule 59 e-motion? His objections to the report and recommendation, which he mailed on May 1st. And so by the prison mailbox rule, those were deemed not just mailed but filed on May 1st. Yes, Your Honor. And the order was issued probably, unless there's a Rule 58 problem, on May 3rd. So the real question becomes... I think you've got two issues here as I see it. One, you've got to convince us that objections to an R&R aren't what they say they are. They're actually a 59 e-motion. And then you have to convince us that a pre-filed 59 e-motion before entry of judgment is permitted in this circumstance. So it sounds like you've got those two things to do. So why don't you address those two points? Yes. Fiorelli is on point in this case. It addresses both of those issues. In Fiorelli, the habeas petitioner who was acting pro se titled his motion as a Rule 60 motion. This court, in accordance with liberally construing pro se pleadings, it didn't look to the title. It looked to the function of the motion. In Fiorelli, the defendant was relitigating the case on the merits. He asked for an evidentiary hearing. Just like here, Mr. Jackson asked for an evidentiary hearing. Well, the function of the motion wasn't to set aside a judgment as Rule 60 sometimes doubles with the purpose of Rule 59e. The purpose here was to prevent judgment because he had objections to the magistrate judge's report and recommendations. So there is a functional difference here, isn't there? No, Your Honor. This court in Fiorelli didn't leave room for that analysis to so closely examine the intent upon filing. But Fiorelli doesn't extend to anything that a prisoner files, right? Any file that says, you know, I've moved or, you know, I don't like the food or whatever a prison files. Surely we aren't construing anything that a prisoner files as an attempt to secure a judgment in his or her favor, and therefore it would be construed as a Rule 59e motion. It doesn't go that far. I agree with you about that, Your Honor. If, for example, in Fiorelli the petitioner had claimed that there was some sort of mistake in the judgment, it would have likely been a Rule 60 motion.  So why isn't a functional construction that this is objections to an R&R? Why isn't that the appropriate functional construction to do? Well, they were objections to an R&R. But they were? That's what they're designed to do? I mean, it seems like form and function match here. Well, but to construe a pro se litigant's filings so literally is to put form over substance. Mr. Jackson. Form and function matter. They're the same. They match. One isn't being elevated over the other. They were doing the same thing in this instance. It's not like function goes one way, form goes the other. They align perfectly in this case. Well, because the district court had already adopted the report and recommendation, the district court erred by not waiting a reasonable time to do so. And so Mr. Jackson's objections. What rule says the district court has to wait? And what is a reasonable time? Don't district judges have discretion to decide to rule on R&Rs, whether to adopt them or not, whenever the judge sees fit to do so? Well, under the prison mailbox rule, as the court knows, it's clearly established that if one is incarcerated, it's the mailing date and it's the filing date. And so this is a situation that happens very, very rarely. Trust me, we lucked. We assume the government lucked. Because typically there are safeguards where district judges do wait an additional time to rule on these motions. And so we're not, you know, I'm not. I'm asking you what. You made a pretty strong statement that the district judge didn't wait a reasonable amount of time. And I'm asking you, I guess, two questions. One, is there any case or rule of procedure that requires district judges to wait, quote, a reasonable time? And if there is, then tell us what a reasonable time is on the facts of this case. The – in the line of cases that allows prisoners to use the mailbox rule, inherent in that line of reasoning is that district judges are not going to rule the day that they're due, because there is a delay involved with the mail. And so to conclude that a district court – That might be the expectation. But that's not a rule of law that if a district judge does rule on that date that it's necessarily error. It may weaken the reasoning of the district court's opinion on appeal later. Well, that's going to get reversed by us probably. Yeah, it's probably not the most judicious decision by a district court judge to do it. But you don't have a single case that says that, per se, on its own, is error, do you? We didn't cite a case that said that in the brief because it's not material to our argument here. What we did in our briefing is we took the facts as they were. We took the May 3rd order as an entry of judgment, and we looked to the plain language of Rule 59. And Rule 59 resolves this case under the reasoning in Fiorelli. Here, Mr. Jackson claimed that there should have been an evidentiary hearing, and he cited his sentencing and his plea colloquy transcripts to explain why his filing was not frivolous on its face. And that is a very low bar, right, in a habeas case to ask the district court for an evidentiary hearing. And so in Fiorelli, the court decided that that was an allegation of legal error, which fits squarely within Rule 59. I just feel like we haven't really addressed the jurisdictional question. I mean, I guess the point of your Rule 59 argument is to get around the potential jurisdictional problem. But if the May 3rd order is a final appealable order, then you're out of court. There's nothing we can do to fix it under Bowles v. Russell, right? Bowles v. Russell is a very unforgiving standard that, you know, jurisdiction is jurisdiction, and we can't, for reasons of equity, say we have jurisdiction or that the district court had jurisdiction when it didn't. Correct? But Bowles doesn't speak to a situation where there's a timely filed Rule 59e motion. Well, if it's timely, then there's jurisdiction, right? Right. That's the whole point. I guess what I'm asking is, if the May 3rd, 2017 order is a final appealable order, do you concede that it's untimely? Or do you have some other argument to try to get around that? No, we don't concede that because Mr. Jackson, the district court then received Mr. Jackson's objections to the R&R. Well, those objections don't change the fact that, if we're assuming, I know you don't accept this, but assume for a minute that the May 3rd, 2017 order is a final appealable order. I think you do accept that, right? It's in your brief. Yes, for purposes of our, yes, under our Rule 59e analysis. You do accept it? Yes. Okay, well then, how does somebody filing objections change the efficacy of a final appealable order? I see that my time is up. Go right ahead. Because, under Fiorelli, the objections are functionally equivalent to a Rule 59e motion, which, under Appellate Rule 4, tolls the time for a notice of appeal. And when a premature notice of appeal has been filed, it then ripens or becomes effective once the district court disposes of the motion, which it didn't. I think you also noted in the brief that your client filed a notice of appeal after the entry of the May 3rd order. How do you make the Rule 59 argument and, at the same time, assert that he timely filed a notice of appeal? Right, so the July filing that Mr. Jackson submitted was an application for a certificate of appealability. On pages 1 and 2 of that application, he states that he filed a timely notice of appeal. However, the certificate of appealability is the first document in the record from the circuit court that is construed as a notice of appeal. And so, if this court believes that Fiorelli does not control, then our request was for an evidentiary hearing, because there's never been any sort of factual development about whether Mr. Jackson submitted a notice of appeal to the prison authorities. We'll hear you on rebuttal. Thank you, Ms. Horton. Ms. McKillop? May it please the Court, my name is Emily McKillop. I represent the United States of America. Your Honor, it's generally an awkward thing to tell a federal court that it doesn't have power to do something. However, from your prior comments, I believe we have reached a point of agreement that there is no jurisdiction in here unless, in this case, unless there is some unusual exception. The May 3rd order is a final order. It is, it's not an opinion. It contains no legal discussion. It just says 2255 motion is denied. There is no cause for issuance of a certificate of appeal. But why isn't the May 8th objection to the R&R functionally equivalent to a Rule 59E motion? Well, Your Honor, if you actually look at the document, it is completely and obviously a set of objections to the magistrate judge's report. This is not a situation in which we're dealing with a pro se litigant's pleading that you look at and you say, Obviously, the person wants some relief, but it's not real clear under what circumstances. He's asking for it. This is not one of those documents. It is clearly, I'm sorry, Your Honor. No, no, you can finish. It's clearly and entirely intended as objections. More important, however, it was filed according to the mailbox rule on May 1st. There was no decision at that point. The judgment, the order that is the final judgment on this 2255 motion did not exist until May 3rd. So let me ask you this question. If this R&R, objection to the R&R was construed as a certificate of appealability filed on May 1st with judgment coming on May 3rd, would we have jurisdiction under Rule 4? No. Okay. No, Your Honor. So the only way we can construe this, so the most favorable way that we could construe this would be as a Rule 59e motion. If it were a Rule 59e motion filed on, and that's a big if, but if it were a Rule 59e motion filed on May 1st with the final appealable order coming on May 3rd, would that have at least preserved jurisdiction in the district court long enough for the notice of appeal that was subsequently filed, the COA that was construed as a notice of appeal, to be timely? No. Why? No, Your Honor. And that is because we have to look at what a Rule 59e motion is. It is a motion to alter or amend the judgment. And then on May 1st, this is filed, assuming it was in the hands of the court that day, which it wasn't, but if the judge had seen it that day, It's deemed filed that day. It's deemed filed that day. Exactly. What judgment? What is he trying to alter or amend? There is no judgment. So Rule 59e motions that are served before judgment is filed, before judgment is entered, cannot extend the period of appeal for judgment. That's the bright line rule that you're advocating. Yes, Your Honor, that is. And I would point the court toward the Marshall decision. Now that was, that's a Cape May Green case. It is not a Rule 59 decision. We have not located a Rule 59 decision in this context. But it is quite clear from Marshall that the rules that allow notices of appeal to ripen cannot apply if they are filed, whatever document we're construing was filed before any judgment, any decision had been rendered. Now, defense counsel obviously took issue with this in the reply brief, saying, oh no, no, it's possible, except every case they cited was a situation, like those in Cape May Green, where there had been a decision of some sort, an announcement from the bench, some sort of preliminary decision, something that decided some of the issues, but not all of the issues. The notice of appeal is filed after that, but before there's an actual judgment, there are still things remaining to be done. And that's allowed to ripen. That's not this case. The judgment and the decision in this case were simultaneous on May 3rd, there was no telegraphing of, oh, I'm going to deny this motion. And, Your Honor, we believe that what was done in Marshall, that rule that was announced, that ripening does not apply where there was no judgment before it was filed, should apply in this case to a Rule 59 emotion as well. You can't file a motion to amend a judgment if no judgment exists as of that time. And that's the fact situation we have in this case. Now, if Your Honor's please, I would, and basically I think that takes care of the Cape May first year, lazy oil line of argument as well. Those are all cases in which some sort of decision was made, yet something remained that they were not final. And it was a notice of appeal filed after that decision had been made. So we believe that the Marshall case takes care of that, says we are announcing the rule for this court that if it's filed before there's any sort of decision or anything that could reasonably be construed as a decision, there's no notice of appeal and we contend no valid Rule 59 emotion. Now, obviously, the government's position is its court lacks jurisdiction and therefore this court should never reach the merits of this case. But I would like to address those merits because there's a point of importance. And what has happened here is that the defendant is claiming that he had a secret and unexpressed belief that he was pleading to only the quantity of pills that he received in his brief role as a pseudo patient instead of a driver for this pill mill operation. He pled guilty. He was given a thorough and complete colloquy that in the court's decision in this case on direct appeal, Judge Fuentes said, left no suggestion that this plea was not knowing involuntary. But if we find jurisdiction, why shouldn't we remand for an evidentiary hearing? What's the harm? Your Honor, we have to respect the finality of judgment. And this is and also respect this court's law on colloquies in guilty pleas. This was a letter perfect colloquy as the court found before. Defendants should not be allowed or encouraged to undermine that when there is a particular finding that they knew what the sentence they faced. Mr. Jackson knew. The record says that he his lawyer said he knew it, but they were going to challenge it. Right. That was the sentence. I don't recall Mr. Stapleton saying that we're going to challenge the application of the 20 year. No, no, no. Not that. No, no. There was there was a statement they were going to challenge that in for a penny, in for a pound is what was going to be challenged. Right. The drug quantity. Yeah, that's true. But the law is the defendant does not have to be advised at his guilty plea of what the sentencing guidelines calculation is. And that's what this drug quantity is about. There's no mandatory minimum in this case. In fact, it would not it would be not possible and not proper for the court to get into a sentencing guidelines calculation discussion at a guilty plea hearing. The court did, as is proper, advise the defendant of the concept of the sentencing guidelines. The defendant acknowledged that he had discussed it with his counsel. But the court made very clear that no decision had been made regarding the sentencing guidelines. That's as far as a court can go in this guilty plea hearing because the court can't calculate the guidelines without a pre-sentence report. But that's required. And I don't recall, was there a motion to withdraw a guilty plea filed prior to the imposition of sentence? There was no motion to withdraw the guilty plea hearing. Doesn't it bring an ineffective assistance of counsel claim to kind of just say that that's he didn't know. He thought he thought it was just for his. And so that would explain why he I mean, I mean, again, the question is whether we get a certificate of appeal. So as I understand the question, if there's jurisdiction, the next question is, is there a certificate of appeal ability? And then isn't he claiming that his lack of knowledge was really IAC and effective assist their counsel based. He is claiming that certainly it is not a valid claim because the record shows that he knew he was looking at a 20 year maximum penalty statutory maximum. He agreed that he was facing that and that no decision had yet been made as to what he would would receive. That is what is appropriate at a guilty plea hearing. And he acknowledged that no promises had been made for him. Now, if in fact. So just to tease that out. Sorry, but just to tease that out. If those two facts are present, I guess what you're saying is then there can be no ineffective assistance. A counsel claim for knowledge of the plea because he acknowledged it and he knew the maximum penalty. Therefore, his counsel can never be to blame, even if his counsel told him something different or something unusual. We're never going to grant a certificate of appeal building. We're never going to send that back for an evidentiary hearing because we have those two facts. Is that what you're saying? In cases like this, where what counsel allegedly said, and of course, counsel was deceased, which is one reason why an evidentiary hearing would be less than productive. What defendant alleges is that these counsel essentially made an inaccurate prediction as to what the drug quantity would be. Now, the letter, the very surprising letter that the defendant attached to his pro se brief on direct appeal and is included in the appendix. That makes pretty clear that that attorney Stapleton did, in fact, correctly explain the law on conspiracy to the defendant. That's all we're going to have regarding what Mr. Stapleton said, given his unfortunate demise. Although, frankly, I do have an AUSA in my office who is just dying to testify. But we don't get there. We don't get there because the law is that an inaccurate prediction of a sentence by defense counsel does not invalidate a guilty plea as long as the defendant is told the things that the defendant was told here. Maximum penalty, existence of sentencing guidelines, no calculation of guidelines has been made yet, and no decision as to the sentence has been made yet. And the defendant agrees that there have been no promises to him. The defendant can certainly hold out a hope that he may convince the court of his argument on drug quantity. But he entered an open plea. He had no promises. And, in fact, he was thoroughly advised and admitted that he had read the government's change of plea memorandum, which told him exactly what the government said it could prove. He wanted to dispute that at sentencing. That's fine. But the fact that he lost does not mean either that his lawyer was ineffective or that there was any other constitutional fault. At least for purposes of a certificate of appealability. Yes. And the application for a certificate of appealability is subject to a strict standard. He has to make a substantial showing of a denial of a constitutional right. And as the court found on his direct appeal, he was not deprived of any of his constitutional rights. Let me go back to the jurisdictional question for a minute. I understand you're arguing about May 1st and May 3rd, and a motion to alter a judgment really can't happen until there's a judgment. What about your colleague's Fiorelli argument that this was tantamount to a Rule 59 motion that was used to allege legal error? I haven't heard you talk about the Fiorelli argument specifically. Well, Your Honor, partly I haven't discussed it because it was not briefed. The Rule 58 argument with which my colleague opened her argument was not something I was prepared for. I understand from the colloquy that counsel had with Judge Phipps that there may be some argument about whether the district court's order was an appropriate final judgment under Rule 58. We submit obviously that it was. It was clearly an order. It was not an opinion. Frankly, I did not understand the Fiorelli argument to be anything other than would be subject to our general argument, which is you can't make a motion to amend a judgment that doesn't exist. They may cite Fiorelli for their Rule 59 argument, but it doesn't get around that basic principle. I see my time is up unless the court has other matters. Thank you, Ms. McKillop. We'll hear Ms. Horton's rebuttal. The district court here treated Mr. Jackson's objections to the report and recommendation as a Rule 59 e-motion, as evidenced by the October 2017 order that ruled on those objections. The government's proposed. Why do you say that? Why couldn't the district court have just treated the objections as objections that needed to be addressed, rather than as a Rule 59 motion? Right. And I'm not trying to get into the district judge's head. I'm saying as a functional, practical matter, that is what happened here under Fiorelli. But the district court said it approved on the October 2017 decision. It said the court again approves and adopts the R&R. And the court in a footnote said that it previously approved and adopted the R&R, but did not have Jackson's pro se objections before it. Should we not take the district court at its word when it says that? Well, the district court's word does not bind the jurisdictional analysis that this court has. But, okay, fair enough. But you want us to treat that, as I understand what you just said in response to Judge Porter's question, you want us to treat that as a ruling on a 59 e-motion. And I think if a district judge were treating the objections filed on May 8th as a 59 e, then we would have expected the October 20, 2017 decision to advert to that fact. And I don't believe it does, does it? We're reviewing Mr. Jackson's pleading. Before you get to that, just address my question, if you would. Does the October 20, 2017 decision of the district court advert to a 59 e? It does not reference Rule 59 e. But it does advert to adopting the R&R again, correct? Yes. So, as I understand your argument, you're asking us to disregard what the district court said, adopting an R&R for a second time, and treat it as if the district court were addressing a 59 e motion, even though the district court makes no mention of the 59 e motion. In Fiorelli, there's no evidence that the district court construed the Rule 60 motion as a Rule 59 motion. And so the district court doesn't have an obligation to liberally construe, for jurisdictional purposes, what Mr. Jackson filed. The government's proposal here creates uncertainty where there currently is none in the case law, when there are essentially two things that have crossed in the mail. When the district court enters an order, but the defendant has already mailed objections. As of right now, the jurisdictional issue can be resolved under the plain language of Rule 59. But the most that Fiorelli gives you, though, is to construe these objections as a Rule 59 e motion. That's Fiorelli with its wind at your back, your client's back at least. But that doesn't solve the timing issue of a pre-filed Rule 59 e motion. That's still a big jurisdictional question, right? The government is trying to have it both ways, right? It's trying to say that because the document was mailed on May 1, that somehow nullifies this court's ability to give a functional construction to the motion. But it was received after the entry of the order on May 8. But now you're chipping away at the prison mailbox rule, which generally in yours to people in your client's positions benefit. I'm not attempting to chip away at the prison mailbox rule. It's just the facts of this case is very unusual where the two crossed in the mail in essence. Aside from the Fiorelli functional construction argument, do you have any cases that say objections to R&R can be deemed a Rule 59 motion? There are not cases that have analyzed this situation, again, because it comes up so rarely. In any possible context that an objection to an R&R is tantamount to a Rule 59 motion? Are there any such cases? Well, the cases from the Fifth and Sixth Circuit, which we cite in our brief, discuss when litigants file their Rule 59 motion before judgment is entered. And so that's the most analogous situation that we were able to find. All right. Thank you, Ms. Horton. You're appearing pro bono, correct? Yes. Thank you for your services. Thank Mr. Merenstein and Ms. Eisenstein for their services and their law firms. Thank you, Ms. McKillop, as well. We'll take the matter under advice. Thank you.